IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BETH MARTINEZ,

     Plaintiff,

                                  CA No. _____

v.

AMERICAN SURGICAL ASSISTANTS,               JURY DEMANDED
INC.,

     Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, Plaintiff BETH MARTINEZ (hereinafter referred to as "Plaintiff"), by and through her undersigned attorney, brings this civil action against AMERICAN SURGICAL ASSISTANTS, INC. d/b/a AMERICAN SURGICAL PROFESSIONALS (hereinafter referred to as "Defendant") to recover unpaid overtime compensation for hours worked in excess of forty (40) hours per workweek as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et. seq.* Accordingly, Plaintiff shows unto the Court the following:

### 1.   INTRODUCTION

1.1   The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers…" 29 U.S.C. 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. 206(a) & 207(a).

1.2   The overtime requirements of the FLSA serve the purpose of: 1) spreading out employment by placing financial pressures on the employer to hire additional workers rather than employ the same number of workers for longer hours; and 2) compensating employees who

work overtime.

1.3   Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as proscribed under the FLSA for all hours worked in excess of forty (40) hours per work week.

## 2.   PARTIES

2.1   Plaintiff is a resident of Fort Bend County, Texas.  She was a covered employee of Defendant within the meaning of the FLSA within the three years of filing this lawsuit.

2.2   Defendant is a corporation doing business in Texas. Defendant is a covered employer under the FLSA, as an enterprise engaged in commerce and with an annual gross volume of business done exceeding $500,000.  29 U.S.C. §203(s).  Defendant can be served with process through its registered agent, Zak W. Elgamal at 15231 Black Falls Lane Sugarland, TX 77478.

## 3.   JURISDICTION

3.1   The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3.2   Venue is proper in the Southern District of Texas – Houston Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district, and because Defendant has substantial contacts within this district.

## 4.   FACTUAL AND LEGAL BACKGROUND

4.1   Plaintiff began working for Defendant as a Registered Nurse First Assistant (RNFA) in January 2010.

4.5   Plaintiff's job duties were assigned directly by her supervisors, she was required to submit consistent reports and she was required to follow the instructions of her supervisors to carry out her daily tasks.

2

4.6     Plaintiff was not free from supervision concerning matters of significance and reported to Raul Machado, Vice President of Clinical and Scheduling.

4.7     Throughout the duration of her employment, Plaintiff worked numerous overtime hours and did not receive any overtime compensation.

5.0     Plaintiff consistently worked over forty (40) hours per week.

5.1     Plaintiff received $51.00 per hour, no matter how many hours she worked.

5.6     Plaintiff's employment was terminated when she was told by Defendant that as of March 2, 2014, there would be no full time position available for her.

5.7     Plaintiff's job duties at all times employed by Defendant were those of a non-exempt employee under the FLSA.

5.8     Plaintiff's job duties do not meet any of the FLSA exemptions.

5.9     Because Plaintiff was a non-exempt employee, Defendant was required to pay her at one-half times her regular hourly rate for those hours worked in excess of forty (40) hours in a single workweek. However, Defendant did not compensate Plaintiff for any hours worked in excess of forty (40) hours at one and a half times her regular hourly rate.

5.10    Because Plaintiff was entitled to be paid for all hours worked in excess of forty (40) hours/workweek at the overtime rate, Defendant's policy and/or practice of failing to pay Plaintiff for overtime hours worked in excess of forty (40) hours was a clear violation of the FLSA.

5.11    Defendant knew or should have known that its practice violates the FLSA and Defendant has not made a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff overtime compensation and to pay commissions to which she was entitled.

### 5. FLSA CLAIM FOR UNPAID WAGES AND OVERTIME PAY

5.1     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C §201, *et. seq.*.

5.2     All conditions precedent, if any, to this suit, have been fulfilled.

5.3     At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. §203(e).

5.4     At all material times, Defendant was and is an eligible and covered employer under the FLSA. 29 U.S.C. §203(d).

5.5     At all material times, Defendant was aware Plaintiff routinely worked hours in excess of 40 hours per work week.

5.6     At all material times, Plaintiff was entitled to overtime compensation for hours worked in excess of 40 hours per work week.  29 U.S.C. §207(a)(1).

5.7     At all material times, Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of the forty (40) hour work week.

5.8     During the three years preceding the filing of this lawsuit, Defendant has not paid overtime compensation under the FLSA for hours worked in excess of forty (40) hours in a work week.

5.9     Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. §255(a).

### 6. JURY DEMAND

6.1     Plaintiff demands a jury trial.

### 7.     DAMAGES AND PRAYER

Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a.   Actual damages in the amount of unpaid wages and overtime compensation under the FLSA;

b.   Liquidated damages under the FLSA;

c.   Prejudgment and post-judgment interest;

d.   Court costs;

e.   Reasonable attorneys' fees under the FLSA; and

f.   All other relief to which Plaintiff is entitled under the FLSA.


Respectfully Submitted,


*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument has been forwarded via facsimile, on this the ___th day of October 2014 to:

*/s/ Gregg M. Rosenberg*_____
GREGG M. ROSENBERG